*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-340

MAY TERM, 2012

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| Benjamin Willoughby | } DOCKET NO. 187-6-11 Cncs |

Trial Judge: Michael S. Kupersmith

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a civil license suspension. He contends: (1) the trial court abused its discretion in threatening extensive jail time if defendant went forward with a plea agreement; (2) the evidence that defendant was operating a vehicle within two hours of a blood alcohol test was based on speculation and conjecture; and (3) the court committed reversible error in relying on its own experience in applying a relation-back analysis. We affirm.

Defendant was charged with driving under the influence and negligent operation based on an incident that occurred on the evening of May 27, 2011. Defendant moved to dismiss on the ground that there was no evidence that he was the operator of the vehicle at the time in question. At the start of the scheduled hearing, the court was presented with a plea agreement providing that defendant would plead guilty to negligent operation, the State would dismiss the DUI charge, and the State would recommend a sentence of six to twelve months, all suspended, and probation. Judgment for defendant would be entered in the civil suspension hearing.

The court, in response, indicated that it did not believe the agreement was appropriate, explaining: "We have a DUI with a .117. There was an accident." While acknowledging that it had no power over the charging decision, the court indicated that it would not accept the recommended sentence if defendant went forward with the plea, but instead would impose a sentence of nine to twelve months to serve. Following a recess, defendant decided to proceed with the civil suspension hearing.

The investigating officer testified that he was dispatched to the scene of an accident in Huntington at 8:11 p.m. In his affidavit of probable cause, the officer indicated that he arrived at the scene at approximately 8:37 p.m., observed a vehicle off the road, and was approached by defendant. Shortly after the officer arrived, at approximately 8:39 p.m., defendant told the officer that the accident had occurred about thirty minutes earlier, or 8:09 p.m. The officer testified that he spoke with the resident who made the 8:11 p.m. call to the police. The resident indicated that he called almost immediately after the accident occurred.

While speaking with defendant, the officer detected an odor of alcohol and observed that defendant was having difficulty standing. The officer administered field sobriety tests, placed defendant under arrest for DUI, and transported him to the police station. A datamaster test revealed a blood alcohol content (BAC) of .177% at 10:06 p.m. At the conclusion of the hearing, the court found that the officer had reasonable grounds to believe that defendant was operating the vehicle, that the accident occurred within two hours of the test, and that the statutory inference that defendant was under the influence therefore applied. See 23 V.S.A. § 1204(a)(3) (if person's BAC was 0.10 or higher within two hours of alleged offense, "its shall be a permissive inference that the person was under the influence of intoxicating liquor"). Accordingly, the court entered judgment for the State.

Defendant later moved to reconsider and to reinstate the plea agreement. The trial court addressed the motion in a written ruling. As to the plea, the court noted that it had the authority under V.R.Cr.P. 11(e)(4)[*] to reject the plea agreement, and explained that its decision "was not done out of vindictiveness, but because, under the circumstances, the plea agreement was grossly inappropriate." As to defendant's claim that the evidence supporting the statutory presumption was speculative, the court found that, while the officer's testimony included "approximate" times, it was entitled to credit them as accurate, that they placed the accident at 8:09 p.m. and the test at 10:06 p.m., and that this satisfied the State's burden of proof by a preponderance of the evidence. Alternatively, the court concluded that, relating the test result back to the time of operation, defendant's probable BAC was .147%. While acknowledging the lack of expert testimony on the point, the court concluded that it had acquired sufficient knowledge about rates of absorption and elimination of alcohol to do the calculation. Accordingly, the court denied the motion. This appeal followed.

Defendant renews his claim that the court abused its discretion in threatening extensive jail time if defendant went forward with the plea agreement, asserting that it was done for "vindictive" purposes and "perceived inconsistencies" in the State's treatment of pro se and represented defendants. It is well settled that a trial court may reject a negotiated plea agreement if it determines that the sentence is too lenient. See State v. Delisle, 162 Vt. 293, 300 (1994) (rejecting claim that the court "abused its discretion by not accepting the [plea] agreement" where it concluded that "the relatively light sentence proposed was inappropriate given the nature of the crime"). The record here discloses that the trial court considered the agreement to be too lenient under the circumstances of a single car accident and a high BAC, and exercised its discretion to reject the recommended sentence and express its intention to impose a more severe sentence if the plea went forward. The record does not support defendant's claim that the court's motives were vindictive or otherwise inappropriate. Accordingly, we find no abuse of discretion, and no error.

Defendant also renews the argument that application of the statutory inference was based on speculation and conjecture. Although the time frames supplied by the officer were described as approximate, the trial court could find that they were sufficiently accurate to determine that the test was performed within two hours of the accident. See State v. Bean, 171 Vt. 290, 295 (2000) (noting that it is the trial court's responsibility to assess the weight and credibility of the evidence, and its findings will not be disturbed unless clearly erroneous). Accordingly, we find

---

[*] V.R.Cr.P. 11(e)(4) in part provides: "If the court rejects the plea agreement or defers decision upon it, the court shall inform the parties of this fact, advise the defendant personally in open court that the court is or may not be bound by the plea agreement, [and] afford a defendant who has already pleaded the opportunity to then withdraw his plea . . . ."

no error. Our holding renders it unnecessary to address the court's improper alternative rationale based on the relation-back calculation.

     Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

3